ROSSLYN STEEL & CEMENT CO. v. ETCHI-
SON et al.

BRUNO et al. v. SAME.

Nos. 5270, 5271.

Court of Appeals of District of Columbia.

Argued Jan. 5, 1932.

Decided Feb. 15, 1932.

Rehearing Denied March 12, 1932.

S. C. Peelle, C. F. R. Ogilby, Paul E. Lesh, and D. D. Drain, all of Washington, D. C., for appellant in No. 5270.

H. Winship Wheatley and Norman Fischer, both of Washington, D. C., for appellants in No. 5271.

Hayden Johnson, L. H. Sothoron, and F. D. McKenney, all of Washington, D. C., for appellees in both cases.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

In May, 1917, a certain improved city lot known as No. 2127 California street, in the city of Washington, was sold for the sum of $40,000 to the District Securities Company, by foreclosure of a trust deed securing certain notes for $76,500. The property when sold was incumbered by mechanics' liens in the sum of $13,852.91, and conflicting claims concerning the disposition of the proceeds of the sale arose between the creditor secured by the trust, and the holders of the mechanics' liens.

The lower court held in favor of the trust creditor, and dismissed the bills of complaint of the mechanics' lienholders. The latter then appealed.

The material facts are as follows:

In June, 1925, Buckey and Drake owned the property in question and sold it to Etchison. In part payment therefor Etchison executed two promissory notes to Buckey and Drake with a trust deed upon the property in the sum of $76,500. The trust deed when filed for record was prior in rank to the mechanics' liens involved herein.

Buckey and Drake then borrowed $31,000 from the National Mortgage & Investment Company, and pledged the notes aforesaid as collateral security for the loan.

In June, 1926, Etchison being the owner of an improved city lot known as 1911 R Street Northwest, in Washington, subject among others to two deeds of trust for the respective sums of $175,000 and $50,000, sold the same to Buckey and Drake for the sum of $332,000. The buyers paid this price as follows: (1) By the assumption of the two mortgages upon the property amounting to $225,000; (2) the payment of $16,500 in cash; (3) a conveyance to Etchison the property known as the Barr house, valued at $45,000; and (4) by a transfer of "the equity" in the $76,500 notes aforesaid which still remained in the possession of the National Mortgage & Investment Company as security for the aforesaid debt of Etchison for $31,000.

Etchison thereupon discharged his indebtedness of $31,000 for which the $76,500 notes were pledged and caused the notes to be transferred by the National Mortgage & Investment Company to the District Securities Company, for value received from that company. The latter company then foreclosed the trust securing the notes and bought the mortgaged property in at the foreclosure sale for $40,000, paying this price by means of credits upon the notes.

It is claimed by appellants that at the time of the foreclosure the trust notes for

$76,500 had been paid in part by the property of Buckey and Drake which passed to Etchison in payment for lot 1911 R street, and that no more than $19,500 remained unpaid upon the notes. Appellants therefore contend that the District Securities Company as holder of the trust and purchaser at the foreclosure sale was entitled to credit for only $19,500 upon the price at which it had bought the property at the sale, and that the residue was payable upon appellants' mechanics' liens.

In our opinion, however, this claim of the lienors is not sustained by the record. The trust notes for $76,500 when executed by Etchison were first delivered to Buckey and Drake. They were then pledged by Buckey and Drake to the National Mortgage & Investment Company as collateral security for a debt of the pledgors. While yet in the hands of the pledgee, the so-called "equity" in the notes, meaning the notes themselves subject to the debt for which they were pledged, was transferred by the pledgee to the District Securities Company, while the debt for which they were pledged was paid by Etchison. It is true that the notes were obligations of Etchison, and that they were transferred to the District Securities Company upon his order, but they were never in his possession after their delivery to Buckey and Drake, by whom upon Etchison's order they were transferred to the District Securities Company as an existing debt.

Accordingly, appellant's claim that no more than $19,500 was due upon the notes at the time of the foreclosure is not sustained by the facts. It was the express intention of Etchison that the notes should not be considered as paid by the transaction with Buckey and Drake, but that the obligation thereof should continue and they be transferred to the District Securities Company as existing securities.

In Hoy v. Bramhall, 19 N. J. Eq. 563, 97 Dec. 687, it was held: "There is nothing illegal in the use of an outstanding mortgage by the mortgagor, for the purpose of obtaining the money on it of a third person to discharge the original indebtedness it was made to secure either in whole or in part, or as collateral to secure an existing indebtedness to such third person. Such transactions are matters of frequent occurrence. Where a mortgagor applied to a third person for an advance of money to enable him to take up his mortgage, promising to give him the same security for such money as the mortgagee then held, and upon receiving the money paid it to the mortgagee and took an assignment of the mortgage from him to such third person, it was held, that the mortgage was not discharged, and that the assignee was entitled, as against a mortgagee intermediate to the making of the mortgage and its assignment, to hold the same as security for the money thus advanced. White v. Knapp, 8 Paige [N. Y.] 173; Graves v. Mumford, 26 Barb. [N. Y.] 95." For a clear exposition of the law of this subject, see the opinion by Mr. Justice Groner in Virginia Securities Corporation v. Patrick Orchards, Inc. (C. C. A.) 20 F.(2d) 78, 84.

A claim of usury also is made by appellants, but it appears that the alleged usury was contingent upon transactions which in fact never took place, and therefore none was charged or collected. This contention accordingly requires no further comment.

The decree of the lower court in both cases, to wit, No. 5270 and No. 5271, is affirmed with costs.